# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AMY M. YOUNG,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1501**    (BOR Appeal No. 2045695)
(Claim No. 2010127065)

**LOVED ONES IN-HOME CARE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amy M. Young, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Loved Ones In-Home Care, LLC, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 29, 2011, in which the Board reversed a March 2, 2011, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's August 17, 2010, decision. In its Order, the Office of Judges reversed the claims administrator's August 17, 2010, decision closing Ms. Young's claim for temporary total disability benefits, and denying authorization for a TENS unit and additional physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Young suffered an injury while moving a patient when working for Loved Ones In-Home Care, LLC. The claim was held compensable for "strain lumbar region of the back," and Ms. Young was granted temporary total disability benefits beginning on February 18, 2010, and lasting until further notice. On August 4, 2010, the claims administrator suspended the claim for temporary total disability benefits "due to suspicious behavior" and relied upon the "procedures

1

for suspension for claimant abuse," set forth in West Virginia Code of State Rules § 85-1-14.1-14.4 (2006). The Office of Judges reversed the claims administrator's decision dated August 17, 2010, and ordered the claims administrator to reinstate payment of temporary total disability benefits since the date of suspension, August 4, 2010, to December 10, 2010, as substantiated by appropriate medical evidence, and also ordered the authorization of a TENS unit and continued physical therapy.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision dated August 17, 2010, in reliance on Dr. Mir's findings that Ms. Young has reached maximum medical improvement, and that a TENS unit and additional physical therapy are not reasonable or necessary to treat the compensable injury. On appeal, Ms. Young disagrees and asserts that she should not be denied temporary total disability benefits on the basis of suspicious behavior because there was no notice of it being suspended and her maximum medical improvement status is not at issue. She further asserts that Dr. Mir's opinion is not as credible as that of Dr. Jarrell because Dr. Mir is hired exclusively by employers throughout West Virginia to defend their workers' compensation claims. Loved Ones In-Home Care, LLC maintains that Ms. Young failed to establish that she is entitled to any additional temporary total disability benefits, and further argued the medical evidence established that Ms. Young sustained only a lumbar sprain/strain and did not require any additional treatment outside the guidelines set forth in West Virginia Code of State Rules § 85-20 (2006).

The Board of Review concluded that Ms. Young is no longer entitled to temporary total disability benefits, authorization of a TENS unit, and additional physical therapy because she has reached maximum medical improvement. However, the Board of Review failed to take notice that Ms. Young's temporary total disability benefits were suspended on August 4, 2010, even though she was not found to have reached maximum medical improvement until September 22, 2010. The Office of Judges erred in continuing Ms. Young's temporary total disability benefits after she had reached maximum medical improvement. Therefore, Ms. Young is entitled to temporary total disability benefits from August 4, 2010, until September 22, 2010, when she reached maximum medical improvement. The Board of Review was partially correct in reversing the Office of Judges' Order and reinstating the claims administrator's decision of denying additional physical therapy and a TENS unit, and the Board of Review is partially wrong in denying Ms. Young temporary total disability benefits. Therefore, the Board of Review is affirmed in part in the denial of the TENS unit and the additional physical therapy and reversed in part on the denial of temporary total disability benefits and granted temporary total disability benefits from August 4, 2010, until September 22, 2010.

Affirmed in Part and Reversed in Part.

**ISSUED:  July 11, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin J. Davis